**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **MICHAEL McGOLDRICK** | § | |
| | § | |
| **V.** | § | **A-13-CA-035-SS** |
| | § | |
| **RICK THALER,** | § | |
| **Director, Texas Dept. of Criminal Justice-** | § | |
| **Correctional Institutions Division** | § | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE SAM SPARKS
      UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court
pursuant to 28 U.S.C. §636(b) and Rule 1(e) of Appendix C of the Local Court Rules of the United
States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to
United States Magistrates, as amended, effective December 1, 2002.

Before the Court is Petitioner's Application for Habeas Corpus Relief under 28 U.S.C.
§ 2254 (Document 1). Petitioner, proceeding pro se, has paid the applicable filing fee. For the
reasons set forth below, the undersigned finds that Petitioner's application for writ of habeas corpus
should be denied in part and dismissed in part.

## I.  STATEMENT OF THE CASE

A.   **Petitioner's Criminal History**

According to Petitioner, the Director has custody of him pursuant to a judgment and sentence
of the 26th Judicial District Court of Williamson County, Texas.  Petitioner pleaded guilty to and
was convicted on 21 counts of possession of child pornography.  The district court assessed
sentences of ten years in prison on each count.  The sentences on the first five counts were set to run

consecutively, while the remainder were to run concurrently with each other.  The court ordered

these latter 16 concurrent terms to run consecutively to the first five, and to be probated for ten years.

The resulting aggregate sentence is 50 years in prison, plus an additional ten-year prison term

probated for ten years.

Petitioner's conviction was affirmed on August 29, 2007.  McGoldrick v. State, No. 03-07-

00132-CR (Tex. App. – Austin 2007, no pet.).  Petitioner also challenged his conviction in a state

application for habeas corpus relief filed on February 22, 2012.  The Texas Court of Criminal

Appeals denied it in part and dismissed it in part in a written order on May 2, 2012.  Ex parte

McGoldrick, No. WR-77423-01, 2012 WL 1554472 (Tex. Crim. App. 2012).

**B.    Petitioner's Grounds for Relief**

Petitioner raises the following grounds for relief:

1.      The state committed fraud by filing a second state application for habeas corpus relief
on Petitioner's behalf;

2.      Petitioner's cumulative sentence is void, because he committed his offenses on
May 23, 2005;

3.      The State lacked jurisdiction to cumulate his sentences, which violated due process;
and

4.      The State failed to give evidence that the offense was committed on May 23, 2005.

## II.   DISCUSSION AND ANALYSIS

**A.    Second State Habeas Application**

Petitioner accuses the Williamson County District Attorney of fraudulently filing a second

state habeas application on his behalf.  Petitioner notified both the Williamson County District Clerk

and the Court of Criminal Appeals that he did not file the second state application and he did not

wish to proceed.  Pursuant to his request, on October 31, 2012, the Court of Criminal Appeals dismissed the second state application.  Ex parte McGoldrick, No. 77,423-02.  This Court has obtained Petitioner's purported second state habeas application from the Court of Criminal Appeals. The second application was filed by Inmate John G. Mascitti Jr. #627154 on behalf of Petitioner and is attached to this Report and Recommendation as Appendix A.  As Petitioner has not alleged a valid claim for federal habeas corpus relief with respect to his second state application, his claim should be denied.

**B.      Statute of Limitations**

Petitioner's remaining claims are time-barred.  The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year statute of limitations for state inmates seeking federal habeas corpus relief.  See 28 U.S.C. § 2244(d).  That section provides, in relevant part:

> (d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

**B.     Application**

Petitioner's conviction became final, at the latest, on September 28, 2007, at the conclusion of time during which he could have timely filed a petition for discretionary review with the Texas Court of Criminal Appeals, which according to Tex. R. App. R. 68.2, is 30 days following the court of appeals' judgment affirming his conviction.  Gonzalez v. Thaler, 623 F.3d 222 (5th Cir. 2010) (holding a conviction becomes final when the time for seeking further direct review in the state court expires).  Therefore, Petitioner had until September 28, 2008, to timely file his federal application for habeas corpus relief.  Petitioner did not execute his federal application until December 19, 2012, more than four years after the expiration of the limitations period.  Petitioner's first state application did not operate to toll the limitations period, because it was filed on February 22, 2012, after the limitations period had already expired.  Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000).

The record does not reflect that any unconstitutional state action impeded Petitioner from filing for federal habeas corpus relief prior to the end of the limitations period.  Furthermore, Petitioner has not shown that he did not know the factual predicate of his claims earlier.  Finally, the claims do not concern a constitutional right recognized by the Supreme Court within the last year and made retroactive to cases on collateral review.

## III.  RECOMMENDATION

It is recommended that Petitioner's claim regarding his second state application for habeas corpus relief be denied and Petitioner's remaining claims be dismissed with prejudice as time-barred.

## IV.  CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability."  28 U.S.C. § 2253(c)(1)(A).  Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, effective December 1, 2009, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.

A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in Slack v. McDaniel, 529 U.S. 473, 484, 120 S. Ct. 1595 (2000).  In cases where a district court rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  Id.  "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Id.

In this case, reasonable jurists could not debate the denial or dismissal of the Petitioner's section 2254 petition on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed.  Miller-El v. Cockrell, 537 U.S. 322, 327, 123 S. Ct. 1029 (2003) (citing Slack, 529 U.S. at 484).  Accordingly, it is respectfully recommended that the Court shall not issue a certificate of appealability.

5

## V.  OBJECTIONS

The parties may file objections to this Report and Recommendation.   A party filing objections must specifically identify those findings or recommendations to which objections are being made.  The District Court need not consider frivolous, conclusive, or general objections. Battles v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court.  See 28 U.S.C. § 636(b)(1)(C);  Thomas v. Arn, 474 U.S. 140, 150-153, 106 S. Ct. 466, 472-74 (1985);  Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 14th day of February, 2013.

_____

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE

6

# APPENDIX A

Scanned  Oct 31, 2012

Case No. 06-027-K26B

(The Clerk of the convicting court will fill this line in.)

## IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### APPLICATION FOR A WRIT OF HABEAS CORPUS
### SEEKING RELIEF FROM FINAL FELONY CONVICTION
### UNDER CODE OF CRIMINAL PROCEDURE, ARTICLE 11.07

NAME: Michael McGoldrick

DATE OF BIRTH: July 6, 1954

PLACE OF CONFINEMENT: McConnell unit, Bee county, Texas

TDCJ-CID NUMBER: 1410959          SID NUMBER:

(1)     This application concerns (check all that apply):

    ☒ a conviction            ☐ parole

    ☒ a sentence              ☐ mandatory supervision

    ☐ time credit             ☐ out-of-time appeal or petition for discretionary review

(2)     What district court entered the judgment of the conviction you want relief from? (Include the court number and county.)

    26th District Court, Williamson county, Texas

(3)     What was the case number in the trial court?

    06-027-K26

(4)     What was the name of the trial judge?

    The Honorable Billy Ray Stubblefield.

FILED
at 8 o'clock AM
SEP 1 3 2012
Lisa David
District Clerk, Williamson Co., TX.

1

Revised: September 1, 2011

ATC-11.07

Scanned  Oct 31, 2012

(5)  Were you represented by counsel?  If yes, provide the attorney's name:

     Yes. Chris Dorbrant

(6)  What was the date that the judgment was entered?

     December 8, 2006

(7)  For what offense were you convicted and what was the sentence?

     Possession of Child Pornogrphy TEX.PENAL CODE §42.26

(8)  If you were sentenced on more than one count of an indictment in the same court at
     the same time, what counts were you convicted of and what was the sentence in each
     count?

     Counts one through six and the sentence was 10 years on

     each count to be ran consecutively

(9)  What was the plea you entered? (Check one.)

     ☒ guilty-open plea          ☐ guilty-plea bargain
     ☐ not guilty                ☐ *nolo contendere*/no contest

     If you entered different pleas to counts in a multi-count indictment, please explain:

     N/A

(10) What kind of trial did you have?

     ☒ no jury                            ☐ jury for guilt and punishment

     ☐ jury for guilt, judge for punishment

(11) Did you testify at trial?  If yes, at what phase of the trial did you testify?

     Yes, sentencing.

(12) Did you appeal from the judgment of conviction?

     ☒ yes                    ☐ no

2

Scanned  Oct 31, 2012

If you did appeal, answer the following questions:

(A)   What court of appeals did you appeal to? Austin

(B)   What was the case number?

(C)   Were you represented by counsel on appeal? If yes, provide the attorney's name:
      Yes. Chris Dorbrant

(D)   What was the decision and the date of the decision?

(13)   Did you file a petition for discretionary review in the Court of Criminal Appeals?

☒ yes                    ☐ no

If you did file a petition for discretionary review, answer the following questions:

(A)   What was the case number?

(B)   What was the decision and the date of the decision? Denied

(14)   Have you previously filed an application for a writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure challenging *this conviction*?

☐ yes                    ☒ no

If you answered yes, answer the following questions:

(A)   What was the Court of Criminal Appeals' writ number?

(B)   What was the decision and the date of the decision?

(C)   Please identify the reason that the current claims were not presented and could not have been presented on your previous application.

3

Revised:  September 1, 2011

ATC-11.07



Scanned  Oct 31, 2012

_____

**(15)    Do you currently have any petition or appeal pending in any other state or federal court?**

☐ yes                    ☒ no

If you answered yes, please provide the name of the court and the case number:

_____

**(16)    If you are presenting a claim for time credit, have you exhausted your administrative remedies by presenting your claim to the time credit resolution system of the Texas Department of Criminal Justice? (This requirement applies to any final felony conviction, including state jail felonies)**

☐ yes                    ☐ no

If you answered yes, answer the following questions:

**(A)    What date did you present the claim?** _____

**(B)    Did you receive a decision and, if yes, what was the date of the decision?**

_____

If you answered no, please explain why you have not submitted your claim:

_____

_____

_____

_____

**(17)    Beginning on page 6, state *concisely* every legal ground for your claim that you are being unlawfully restrained, and then briefly summarize the facts supporting each ground. You must present each ground on the form application and a brief summary of the facts.  *If your grounds and brief summary of the facts have not been presented on the form application, the Court will not consider your grounds.***

4

Revised:  September 1, 2011                                          ATC-11.07

7

Scanned Oct 31, 2012

If you have more than four grounds, use page 10 of the form, which you may copy as many times as needed to give you a separate page for each ground, with each ground numbered in sequence.

You may attach a memorandum of law to the form application if you want to present legal authorities, but the Court will *not* consider grounds for relief in a memorandum of law that were not stated on the form application.  If you are challenging the validity of your conviction, please include a summary of the facts pertaining to your offense and trial in your memorandum.

5

Revised:  September 1, 2011

ATC-11.07



Scanned  Oct 31, 2012

**GROUND ONE:**

The trial court improperly cumulated sentence due to no prior notice as to such cumulation prior to guilty plea in violation of Due Process and Due Course of Law.

**FACTS SUPPORTING GROUND ONE:**  In support of his first ground, the applicant would show that he was denied his Due Process rights as well as his rights to due course of law when after finding the applicant guilty, and on a separate day, the trial court inquired whether there were any other matters to be taken up. The State replied that it would file a motion to cumulate sentences for the court's consideration. The defendant objected to that as untimely. The Court then imposed sentence and under it's authority in section 3.03(b) of the Texas Penal Code, ordered the sentences to run consecutively, i.e., a 60 year sentence. The Clerk's Record contains a "State's Motion to Cumulate Sentences," filed the same day as sentencing, after the plea of guilty and not timely filed which caused a sentence greater than the 10 years that the defendant was admonished to.

**PLEASE SEE ATTACHED MEMORANDUM**

6

Scanned  Oct 31, 2012

**GROUND TWO:**      Applicant's plea was constitutionally involuntary due to the trial court's failure to admonish as to TEX.PENAL CODE §12.42.

**FACTS SUPPORTING GROUND TWO:** In support of his second ground, the applicant would show that the trial court, prior to his plea of guilty, at an open plea hearing, never admonished him as to the possibility of having the sentences cumulated to reflect 60 years. Further, it was the State, through it's prosecutor who made the admonishment. Had the applicant known he was looking at the possibility of a sentence which is synonymous with a life sentence he would have plead guilty to the first plea offer or in the alternate plead not guilty and chosen to go to jury trial.

**PLEASE SEE ATTACHED MEMORANDUM**

7

Revised:  September 1, 2011

ATC-11.07

10

Scanned  Oct 31, 2012

**GROUND THREE:** The applicant suffered ineffective assistance of trial counsel in violation of his right to effective assistance of counsel.

**FACTS SUPPORTING GROUND THREE:** The applicant was represented at trial by Mr. Chris Dorbrant. It is the applicant's claim that trial counsel did not give him the information that would have allowed him to make an informed plea in that he did not admonish him of the possibility of a 60 year sentence. Trial counsel told applicant that in exchange for a guilty plea, he would argue for probation. Trial counsel told applicant that there was an enhancement element, but did not properly explain the consequences of it. Counsel failed to properly prepare for expert witness testimony; failed to properly prepare to cross examine State's witnesses; failed to prepare applicant's witnesses for trial; trial counsel failed to properly object to preserve error; and trial counsel failed to move to withdraw applicant's plea when it was clear that the State would seek a sentence outside of the admonishment of the Court. Counsel also failed to properly preserve error for appeal.

**PLEASE SEE ATTACHED MEMORANDUM**

8

Revised: September 1, 2011

ATC-11.07

Scanned Oct 31, 2012

**GROUND FOUR:** The applicant suffered ineffective assistance of

appeal counsel

**FACTS SUPPORTING GROUND FOUR:**  Applicant was represented by Mr.

Chris Dorbrant on appeal. It is applicant's claim that he receive

ineffective assistance on appeal when appellate counsel failed to

master the record. The appeal brief, as well as the opinion of the

court revealed that counsel argued a ground the he did not properly

preserve for appellate review which caused a denial of the appeal.

However, arguments and objections that were properly preserved, such as

due process violations; failure to properly admonish; 30 day notice

of enhancements; and involuntary plea were not argued at all.

**PLEASE SEE ATTACHED MEMORANDUM**

9

Revised: September 1, 2011

ATC-11.07

12

Scanned  Oct 31, 2012

**GROUND:**

_____

_____

**FACTS SUPPORTING GROUND:**

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**WHEREFORE, APPLICANT PRAYS THAT THE COURT GRANT APPLICANT RELIEF TO WHICH HE MAY BE ENTITLED IN THIS PROCEEDING.**

10

Revised: September 1, 2011

ATC-11.07



Scanned  Oct 31, 2012

## VERIFICATION

This application must be verified or it will be dismissed for non-compliance.  For verification purposes, an applicant is a person filing the application on his or her own behalf.  A petitioner is a person filing the application on behalf of an applicant, for example, an applicant's attorney.  An inmate is a person who is in custody.

The inmate applicant must sign either the "Oath Before a Notary Public" before a notary public or the "Inmate's Declaration" without a notary public.  If the inmate is represented by a licensed attorney, the attorney may sign the "Oath Before a Notary Public" as petitioner and then complete "Petitioner's Information."  A non-inmate applicant must sign the "Oath Before a Notary Public" before a notary public unless he is represented by a licensed attorney, in which case the attorney may sign the verification as petitioner.

A non-inmate non-attorney petitioner must sign the "Oath Before a Notary Public" before a notary public and must also complete "Petitioner's Information."  An inmate petitioner must sign either the "Oath Before a Notary Public" before a notary public or the "Inmate's Declaration" without a notary public and must also complete the appropriate "Petitioner's Information."

### OATH BEFORE A NOTARY PUBLIC

STATE OF TEXAS

COUNTY OF __Wichita__

__John G. Mascitti, Jr.__, being duly sworn, under oath says: "I am the applicant / petitioner (circle one) in this action and know the contents of the above application for a writ of habeas corpus and, according to my belief, the facts stated in the application are true."

_____
Signature of Applicant / Petitioner (circle one)

SUBSCRIBED AND SWORN TO BEFORE ME THIS _____ DAY OF _____, 20__.

_____
Signature of Notary Public

11

Revised:  September 1, 2011

ATC-11.07

14

**Scanned  Oct 31, 2012**

## PETITIONER'S INFORMATION

Petitioner's printed name: John G. Mascitti,Jr.

State ~~PLAINTIFF YOUR NAME~~ TDCJ #627154

Address: 2101 FM 369 N

Iowa Park, Texas 76367

_____

Telephone: _____

Fax: _____

## INMATE'S DECLARATION

I, John G. Mascitti, Jr. , am the ~~appellant~~/ petitioner (circle one) and being presently

incarcerated in Allred unit/Wichita Co., declare under penalty of perjury that, according to my belief,

the facts stated in the above application are true and correct.



Signed on 9-3 , 20 12 .

Signature of ~~Appellant~~/ Petitioner (circle one)
John G. Mascitti, Jr.

12

Revised: September 1, 2011

ATC-11.07



Scanned  Oct 31, 2012

## PETITIONER'S INFORMATION

Petitioner's printed name: John G. Mascitti, Jr. #627154

Address: 2101 FM 369 N

Iowa Park, Texas 76367

Telephone: _____

Fax: _____

Signed on __9-3__, 20_12_

_[signature]_

Signature of Petitioner

13

Revised: September 1, 2011

ATC-11.07

16